**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-6710**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALFRED GREEN,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Catherine C. Blake, District Judge. (CR-
98-478-CCB, CA-00-1335-CCB)

---

Submitted: June 30, 2003                Decided: July 17, 2003

---

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

---

Dismiss by unpublished per curiam opinion.

---

Alfred Green, Appellant Pro Se. Donna Carol Sanger, OFFICE OF THE
UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Alfred Green seeks to appeal the district court's ruling construing Green's self-described Fed. R. Civ. P. 60(b) motion as a motion to vacate under 28 U.S.C. § 2255 (2000), and dismissing it as successive. This Court may grant a certificate of appealability only if the appellant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) (2000). Where, as here, a district court dismisses a motion to vacate on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), cert. denied, 534 U.S. 941 (2001). We have independently reviewed the record and conclude that Green has not satisfied either standard. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

We must construe Green's notice of appeal and informal brief on appeal as an application to file a second or successive motion to vacate under 28 U.S.C. § 2255. See United States v. Winestock, ___ F.3d ___, 2003 WL 1949822, at *7 (4th Cir. Apr. 25, 2003). In order to obtain authorization to file a second motion to vacate, a movant must assert claims based on either: (1) a new rule of

2

constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense. 28 U.S.C. § 2244(b). Green's claims do not satisfy either of these conditions. Therefore, we decline to authorize Green to file a successive § 2255 application.

We deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED